# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 15, 2013

147342 & (42)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

TITAN INSURANCE COMPANY,
          Plaintiff-Appellee,

v                                                                    SC: 147342
                                                                     COA: 308401
                                                                     Wayne CC: 11-003671-NF

AMERICAN COUNTRY INSURANCE
COMPANY,
          Defendant-Appellant.

_____/

        On order of the Court, the motion for miscellaneous relief is GRANTED.  The application for leave to appeal the March 26, 2013 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

        MARKMAN, J. (*concurring*).

        I write separately only to highlight this case for the possible attention of the Legislature.  Plaintiff was assigned two personal protection insurance claims involving the same uninsured claimant.  Having been assigned both claims, plaintiff was obligated under MCL 500.3175(1) to adjust the claims and "make prompt payment of loss" to the claimant.  This remained the case even after it was discovered that defendant owed coverage on the second accident.

        The record suggests that the two claims should have been adjusted so that the claimant received a substantially greater settlement for the claim arising from the first accident, in which she sustained back and neck injuries, than for the claim arising from the second accident, in which she sustained no significant injuries.  Despite this, plaintiff's settlement with the claimant allocated $10,000 to the first accident and $25,000 to the second accident.  Defendant asserts that plaintiff's motivation for this allocation was a function of its statutory entitlement to reimbursement from defendant for the second, but not the first, claim.

MCL 500.3172(1) specifies that "the insurer to which [a] claim is assigned is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." Furthermore, it indicates that a default on insurance coverage occurs when "the personal protection insurance applicable to the injury cannot be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage . . . ." *Id.* As defendant disputed whether any payment was due on the second claim, a default occurred, allowing plaintiff to adjust the claims at its discretion with the awareness that it would only be entitled to reimbursement for the second accident, which arguably created an incentive on its part to allocate a greater percentage of the losses to the second accident.

Currently, the law accommodates the kind of gamesmanship that defendant alleges occurred here, and leaves defendant without any effective means of ensuring that its liability for reimbursement is limited to the claims that arose from the accident that defendant is *obligated* to cover and not from other accidents that defendant is *not* obligated to cover. The Legislature might wish to further examine the potential unfairness that may result under the circumstances of cases such as this.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 15, 2013



Clerk

t1112